**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAWN HOUSTON, as parent,
guardian, and next friend of
K.M., a minor,

        Plaintiff,

vs.                                                Case No. 3:17-cv-421-J-32MCR

CREATIVE HAIRDRESSERS, INC.,
d/b/a HAIR CUTTERY,

        Defendant.

_____

## ORDER

On February 28, 2017, plaintiff, a citizen of Florida,[1] filed a two-count complaint in Flagler County Circuit Court alleging that her 14 year old daughter suffered serious injuries including third degree chemical burns to her scalp when a beautician at defendant Creative Hairdressers, Inc.'s Hair Cuttery hair salon applied hair dye to her daughter's hair. Plaintiff alleged that defendant acted through its principals, agents and employees who were themselves acting within the normal scope and course of their employment or agency relationship with defendant. Plaintiff sought compensatory damages in excess of $500,000 based on theories of negligent provision of services and res ipsa loquitor. See Doc. 2 (State Court complaint). Defendant, a citizen of Virginia, was served on March 22, 2017 and removed the case to federal court less than three weeks later invoking the Court's diversity jurisdiction. See Doc. 1 (Notice of Removal). Defendant then moved to dismiss Count II (the

---

[1] See footnote 3.

res ipsa loquitor theory), plaintiff filed an amended complaint (which was essentially the same as her original complaint but omitted Count II), defendant answered, the Court scheduled the case, and the parties began discovery. See Docs. 3, 8, 10, 21. On August 11, 2017, the parties filed a joint motion to extend some of the case deadlines, including the August 31, 2017 deadline for adding parties or amending pleadings, explaining that further due diligence was needed to determine whether plaintiff might have a cause of action against the manufacturer of the hair dye product. See Doc. 21. The Court granted the motion, giving the parties their requested deadline of October 30, 2017 for any motions to add parties or amend pleadings. See Doc. 22.

On October 30, 2017, plaintiff filed the motion which is now before the Court, seeking leave to amend her complaint to: "(1) Substitute Now Adult Plaintiff as Party Plaintiff; (2) Add Active Tortfeasor as a Defendant; (3) To Add Manufacturer as a Defendant; and Motion to Remand for Lack of Complete Diversity Jurisdiction" (Doc. 23). Defendant responded in partial opposition (agreeing to the substitution of plaintiff and the addition of the manufacturer as a defendant) (Doc. 24), and plaintiff filed a reply (Doc. 32).

The issue is whether to permit plaintiff to amend her complaint to name the beautician– a citizen of Florida– as a defendant, an addition which would destroy diversity and require a remand. Because the case is here on removal, the liberal amendment policies of Rule 15 are not the only considerations. In these circumstances, amendment is governed by 28 U.S.C. § 1447(e) which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §

2

1447(e).  See also Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998) (explaining that a post-removal amendment to add a party whose actions arise out of the same occurrence amounts to a joinder, governed by 28 U.S.C. § 1447(e)).  "[W]hen confronted with an amendment to add a nondiverse nonindispensable party, [the district court] should use its discretion in deciding whether to allow that party to be added." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  In exercising its discretion, the court must weigh the competing interests:

> On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources.  On the other side, the diverse defendant has an interest in retaining the federal forum.  Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum.

Id.  In making its decision, the court should consider (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed, and" (4) "any other factors bearing on the equities."  Id.

The Court intends to deny leave to amend to add the beautician.  Although the Court is not prepared to opine that plaintiff seeks to name the beautician for the purpose of defeating federal jurisdiction, plaintiff knew of her existence (albeit not her name) when the alleged injury occurred, and knew her name and address at least by August 2, 2017 (see Doc. 24, Ex. B, interrogatory responses), more than twelve weeks before moving to amend. While plaintiff explains that she was not intentionally dilatory and merely waited until she deposed the beautician and decided whether to sue the manufacturer before proposing any

3

new amendments, the parties had been litigating in federal court for over six months and it seems less than forthcoming that plaintiff sought and secured defendant's acquiescence (and the Court's) to an extension of the amendment deadline without mentioning her intention to add the non-diverse beautician. Moreover, the Court does not find that plaintiff will be "significantly" injured if the amendment is not allowed. Florida's four year statute of limitations has not run on any negligence claim against the beautician, and having parallel state/federal proceedings is a consequence anytime a post-removal motion to amend to add a non-diverse defendant is denied. Additionally, unlike some cases where the proposed defendant's liability is premised on different theories or grounds than the original diverse defendant, here, plaintiff alleged in her complaint (and amended complaint and proposed second amended complaint) that Hair Cuttery is liable for the actions of the beautician who was acting at all relevant times within the normal course and scope of her employment. See Doc. 2 at ¶ 6, Doc. 8 at ¶ 6, Doc. 23, Ex. 2 at ¶¶ 8, 23. Indeed, plaintiff's proposed second amended complaint names defendant and the beautician in the same single count, alleging they are jointly and severally liable for plaintiff's damages. See Doc. 23, Ex. 2 at Count I "Wherefore" clause. As there is no suggestion that defendant is or will become insolvent or would be unable to pay any ultimate damages award, the need to sue the beautician at all is questionable. Of course plaintiff would be within her rights to do so and may choose to pursue a claim against the beautician in state court. While plaintiff contends that the agreed to addition of the manufacturer defendants will result in additional delay (thereby mitigating any delay that a remand would cause), delay is not the only prejudice defendant would suffer. As explained in Hensgens, "the removal statutes are predicated on giving the diverse

defendants a choice of a state or federal forum." Hensgens, 833 F.2d at 1182. Balancing all these factors, the Court is prepared to find that plaintiff should not be permitted to amend to add the beautician as a defendant.[2]

However, there is a complication. Defendant does not oppose plaintiff's proposed addition of the hair dye manufacturers as defendants. Those entities are L'Oreal USA Products, Inc., an alleged citizen of Delaware, and the brand it maintains, Redken 5th Avenue N.Y.C., LLC, alleged to be a citizen of New York. If that information is accurate, the addition of these defendants would not destroy diversity jurisdiction. However, a limited

---

[2]Some of the cases upon which plaintiff relies involve motions to remand filed upon removal, including those addressing other issues (such as Logsdon v. Duron, Inc., No. 3:05-cv-243-J-16HTS, 2005 WL 1163095 (M.D. Fla. May 17, 2005) (determining whether amount in controversy was satisfied)), or those addressing challenges that defendants were fraudulently joined while the case was in state court. A different standard applies in those circumstances (see Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)), and these cases are therefore distinguishable. See, e.g., Tran v. Waste Mgmt, Inc., 290 F.Supp.2d 1286 (M.D. Fla. 2003) (considering fraudulent joinder issue raised in notice of removal); Parent v. Wyeth, No. 2:03-cv-626-FtM-29SPC, 2003 WL 25568554 (M.D. Fla. Dec. 19, 2003) (same). By contrast, courts considering post-removal motions to amend to add non-diverse defendants under 28 U.S.C. § 1447(e) frequently find the equities tilt against permitting the amendment. See, e.g., Pipeline Contractors, Inc. v. Int'l Fidelity Ins. Co., No. 3:14-cv-1030-J-34MCR, 2014 WL 12696894 (M.D. Fla. Dec. 31, 2014) (denying post-removal leave to amend); Mehta v. New York Life Ins. Co., No. 8:09-cv-59-T-33TGW, 2009 WL 2252270 (M.D. Fla. July 28, 2009) (same); Duckworth v. State Farm Mut. Auto. Ins. Co., No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380 (M.D. Fla. Feb. 20, 2008) (same); Vazquez v. Lowe's Home Centers, Inc., No. 8:06-cv-1885-T-27TBM, 2007 WL 128823 (M.D. Fla. Jan.12, 2007) (same). See also Henry v. K-Mart Corp., No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558 (M.D. Fla. Dec.9, 2010) (considering 28 U.S.C. § 1447(e) in denying leave to amend to add non-diverse defendants, but employing presumption in favor of remand when considering separate argument of whether amount in controversy as alleged in state court complaint was satisfied). But see Belchior v. Target Corp., No. 9:16-cv-81171-WPD, 2017 U.S. Dist. Lexis 84179 (S.D. Fla. May 31, 2017) (granting leave to amend where claims against non-diverse defendant were only discovered late in the case and court found it was a close call that should be resolved in favor of remand).

liability company is a citizen of every state of which any of its members are citizens. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Because there is no allegation as to the citizenship of each of Redken 5th Avenue N.Y.C., LLC's members, the Court cannot be sure that the addition of Redken would not itself destroy diversity and require a remand. Because of this circumstance, the Court will permit plaintiff to file a second amended complaint to add L'Oreal USA Products, Inc., and Redken 5th Avenue N.Y.C., LLC, but will deny without prejudice the request to add the beautician until we know the citizenship of every member of Redken 5th Avenue N.Y.C., LLC. If none of them are citizens of Florida, the case will proceed here on plaintiff's forthcoming second amended complaint. If any members are citizens of Florida, the case will be remanded and plaintiff can include the beautician in a third amended complaint filed in state court. The Court will permit the substitution of plaintiff as proposed, without objection.[3]

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to (1) Substitute Now Adult Plaintiff as Party Plaintiff; (2) Add Active Tortfeasor as a Defendant; (3) To Add Manufacturer as a Defendant; and Motion to Remand for Lack of Complete Diversity Jurisdiction (Doc. 23), is **granted in part and**

---

[3] Plaintiff's complaint and amended complaint and defendant's notice of removal alleged only that plaintiff was a "resident" of Florida. However, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). In her proposed second amended complaint, plaintiff alleges that she is a resident and citizen of Florida, which will cure any defect in the current record. See Doc. 23 at Ex. 2, ¶ 2 (emphasis supplied).

**denied in part** as follows: Plaintiff may file a Second Amended Complaint no later than **January 26, 2018** which substitutes Kaitlyn Mackay as the plaintiff, and which adds L'Oreal USA Products, Inc., and Redken 5th Avenue N.Y.C., LLC, as defendants. **Those defendants must be served forthwith.** Once served, defendant Redken 5th Avenue N.Y.C., LLC must file within **20 days** a statement of the citizenship of each of its members. The request to add the beautician as a defendant is denied without prejudice. The motion to remand is moot.

2. Plaintiff's motion to extend discovery and other deadlines (Doc. 27) is **granted** (her subsequent and alternative amended motion to extend just the expert disclosure deadline for her damages expert (Doc. 29) is therefore **moot**). The current case schedule is **vacated** and the Court will issue a new schedule once the new defendants appear. The Clerk is directed to administratively close the file, to be reopened when the new defendants appear or upon motion of any party.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of January, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record